**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| **Plaintiff** | : | **No. 1:18-cv-1529** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **RODWAN K. RAJJOUB, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Plaintiff Kareem Hassan Milhouse ("Plaintiff"), who is currently incarcerated at the

United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), initiated the above-

captioned action on August 1, 2018 by filing a complaint pursuant to the Federal Tort Claims

Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

U.S. 388 (1971). Presently before the Court are Defendants Rodwan K. Rajjoub ("Rajjoub") and

Lycoming Neurosurgical Associates ("LNA")'s motion to dismiss Plaintiff's second amended

complaint (Doc. No. 71), Plaintiff's motion to voluntarily dismiss (Doc. No. 78), and Plaintiff's

motion to withdraw his motion to voluntarily dismiss (Doc. No. 76). The motion to dismiss has

been fully briefed. For the following reasons, the Court will grant Defendants' motion to dismiss

(Doc. No. 71), grant Plaintiff's motion to withdraw his motion to voluntarily dismiss (Doc. No.

76), and direct the Clerk of Court to close this case.

**I.      BACKGROUND**

**A.      Procedural Background**

Plaintiff's initial complaint was brought against Defendants Rajjoub and LNA, as well as

Defendants Andrew M. Edinger ("Edinger"), John Doe Corporation, and the United States,

alleging the denial of medical care subsequent to Plaintiff's back surgery. (Doc. No. 1.)

Subsequently, Plaintiff filed a motion to amend/correct complaint (Doc. No. 16), and a motion to

supplement (Doc. No. 22). Defendants Edinger and the United States filed a motion to dismiss and for summary judgment on November 19, 2018. (Doc. No. 25.) In their brief in support, Defendants asserted, inter alia, that Plaintiff had not exhausted his administrative remedies with respect to his claims against Defendant Edinger. (Doc. No. 37.) In an Order dated January 4, 2019 (Doc. No. 41), the Court, inter alia, granted Plaintiff's motion to amend/correct his complaint (Doc. No. 15), and his motion to supplement (Doc. No. 22). The Court also denied the motion to dismiss and motion for summary judgment (Doc. No. 25), without prejudice (Doc. No. 41). Plaintiff's amended complaint brought pursuant to Bivens against LNA, Rajjoub and Edinger, was docketed that same day. (Doc. No. 42.)

On February 1, 2019, Plaintiff filed a motion to voluntarily dismiss Defendant Edinger (Doc. No. 46), noting that "at the moment he [cannot] prove his claim against Dr. Edinger" (Doc. No. 47 at 1). On the same date, Magistrate Judge Carlson entered a Report and Recommendation (Doc. No. 49), in which he recommended that Plaintiff's motion to voluntarily dismiss be granted. On February 14, 2019, Defendants Rajjoub and LNA filed a brief in support of their objections to the Report and Recommendation. (Doc. No. 53.) Plaintiff filed his response on February 25, 2019. (Doc. No. 54.) In an Order dated April 2, 2019, the Court adopted Magistrate Judge Carlson's Report and Recommendation, overruled the objections, and granted Plaintiff's motion to voluntarily dismiss Defendant Edinger. (Doc. No. 66.)

Plaintiff subsequently filed two motions to amend/correct his complaint, attaching a proposed second amended Bivens complaint to each. (Doc. Nos. 56, 61.) Defendants Rajjoub and LNA filed a motion to dismiss Plaintiff's amended complaint. (Doc. No. 59.) In an Order dated April 15, 2019, the Court denied as moot Plaintiff's first motion to amend/correct, granted his second motion to amend/correct, directed the Clerk of Court to file the second amended

complaint as a separate docket entry, and denied as moot Defendant Rajjoub and LNA's motion to dismiss.  (Doc. No. 69.)

### B.  Allegations of Second Amended Complaint

Plaintiff had back surgery at Susquehanna Health on March 8, 2017.  (Doc. No. 70 ¶ 12.) On April 17, 2017, he went to Defendant LNA for a six-week post-surgical follow-up.  (Id. ¶ 13.) At that appointment, Defendant Rajjoub scheduled another follow-up appointment for July of 2017.  (Id.)  Plaintiff alleges that two (2) days later, that follow-up appointment was cancelled after a discussion between Defendant Rajjoub and a Bureau of Prisons ("BOP") employee.  (Id. ¶ 14.)  Defendant Rajjoub "said he need[ed] to better assess [Plaintiff] for post-surgical [complications] which takes usually around [six months] for surgeries of [that] kind."  (Id.)

Plaintiff alleges that because of Defendant Rajjoub cancelling his follow-up appointment, his medical hold was lifted and he was transferred to another federal facility, therefore "discontinuing what post-surgical care he was to receive."  (Id. ¶¶ 15-16.)  On May 9, 2017 and July 17, 2017, medical staff then examined Plaintiff, then incarcerated at USP McCreary, and determined that his condition, including the neuropathy in his left foot, had worsened.  (Id. ¶¶ 17-18.)  On October 4, 2018, Plaintiff was diagnosed with a nerve condition of the spine that affects his lower right leg.  (Id. ¶ 21.)

Plaintiff asserts that in the course of these events, Defendants Rajjoub and LNA violated his rights under the Eighth Amendment to the United States Constitution by demonstrating deliberate indifference to his medical needs.  (Id. ¶¶ 28-38.)  Plaintiff also appears to suggest that they committed medical malpractice in that he asserts that they had "a duty to ensure that [he] received adequate medical care and failed to do so."  (Id. ¶ 34.)  Plaintiff requests declaratory relief, as well as compensatory and punitive damages.  (Id. at 5.)

## II.    LEGAL STANDARD

### A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the

elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### B. Bivens Claims

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III.    DISCUSSION

### A.    Plaintiff's <u>Bivens</u> Claims

Plaintiff asserts that Defendants violated his Eighth Amendment rights by demonstrating deliberate indifference to his medical needs.  Defendants Rajjoub and LNA seek dismissal of Plaintiff's <u>Bivens</u> claims against them because they are not federal actors.  (Doc. No. 72 at 5-7.) In his brief in opposition, Plaintiff "concur[s] that this Court lack[s] jurisdiction under <u>Bivens</u>." (Doc. No. 75 at 1.)  The Court agrees with this argument.  As noted above, to state a claim under <u>Bivens</u>, Plaintiff must allege that Defendants acted under color of federal law to deprive him of a federal right.  <u>See Young</u>, 809 F. Supp. at 1199.  Plaintiff's second amended complaint alleges that Defendants Rajjoub and LNA are private parties, not federal actors acting under color of federal law.  (Doc. No. 70 ¶¶ 8-9, 13-14.)  Thus, Plaintiff cannot pursue his <u>Bivens</u> claims against Defendants.  <u>See</u> <u>Minneci v. Pollard</u>, 565 U.S. 118, 125 (2012) (noting that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake"); <u>see</u> <u>also</u> <u>Kartorie v. Dunham</u>, 108 F. App'x 694, 698-99 (3d Cir. 2004) (concluding that plaintiff could not seek to hold private doctor liable under 42 U.S.C. § 1983 because private doctor was not under contract with the state); <u>Cameron v. FCI Talladega Warden</u>, No. 1:15-cv-1279-KOB-JEO, 2016 WL 6082028, at *4 (N.D. Ala. Oct. 18, 2016) (citing <u>Minneci</u> and <u>Kartorie</u> to support conclusion that federal inmate plaintiff could not maintain <u>Bivens</u> claim against privately employed doctor).  Accordingly, the Court will dismiss Plaintiff's <u>Bivens</u> claims.[1]

---

[1] Although Plaintiff concurs that this Court lacks jurisdiction under <u>Bivens</u>, he appears to suggest that this Court can exercise jurisdiction over his <u>Bivens</u> claims because of Defendants' "minimum contact[s] with the forum state" through Defendant Rajjoub's telephone conversations with Defendant Edinger.  (Doc. No. 75 at 2.)  As this Court previously informed Plaintiff, however, a "minimum contacts" analysis is necessary when determining whether a

**B.      Plaintiff's Medical Malpractice Claims**

Having concluded that dismissal of Plaintiff's <u>Bivens</u> claims is appropriate, the Court

must now decide whether it should exercise its supplemental jurisdiction over Plaintiff's medical

malpractice claim pursuant to 28 U.S.C. § 1367.  The issue of whether to exercise supplemental

jurisdiction is a matter within this Court's discretion.  Indeed, where, as here, a district court has

dismissed all claims over which it has original jurisdiction, the Court may decline to exercise

supplemental jurisdiction over any remaining state-law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see</u>

<u>also</u> <u>Dozier v. Dep't of Corr.</u>, No. 1:12-cv-00838, 2013 WL 6631621, at *8 (M.D. Pa. Dec. 17,

2013) ("Where a district court has original jurisdiction pursuant to 42 U.S.C. § 1983 over federal

claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the

district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all

claims over which it has original jurisdiction." (citing 28 U.S.C. § 1367(c)(3))).

In exercising its discretion, "a federal court should consider and weigh in each case, and

at every stage of the litigation, the values of judicial economy, convenience, fairness, and

comity."  <u>See</u> <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 173 (1997) (quoting

<u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988)); <u>see</u> <u>also</u> <u>Hedges v. Musco</u>, 204

F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original

jurisdiction is dismissed before trial, the district court must decline to decide the pendent state

claims unless considerations of judicial economy, convenience, and fairness to the parties

provide an affirmative justification for doing so." (quoting <u>Borough of West Mifflin v.</u>

---

court can exercise personal jurisdiction over non-resident defendants.  <u>See</u> <u>Milhouse v. Sage</u>, No.
1:14-cv-1055, 2019 WL 1453057, at *8 (M.D. Pa. Marc. 31, 2019).  Here, the question of
whether there is personal jurisdiction over Defendants Rajjoub and LNA is not at issue.  In any
event, the fact that the Court has personal jurisdiction over Defendants Rajjoub and LNA does
not lead to a conclusion that Plaintiff can maintain <u>Bivens</u> claims against them.

Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)).  In the interests of judicial economy, convenience, and fairness to the parties, the Court will exercise supplemental jurisdiction over Plaintiff's medical malpractice claims.

Defendants seek dismissal of Plaintiff's medical malpractice claims due to his failure to file a certificate of merit.  (Doc. No. 72 at 7-9.)  Under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, plaintiffs seeking to raise medical malpractice claims must file a valid certificate of merit.  That rule states in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either []
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> >
> > (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> >
> > (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3.  The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim.  See Liggon-Reading v. Estate of Sugarman, 659 F.3d 258, 262-65 (3d Cir. 2011); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007).  This requirement applies with equal force to counseled complaints and to pro se medical malpractice actions asserted under state law.  See Hodge v. Dep't of Justice, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence

claim for failure to file a certificate of merit); <u>Levi v. Lappin</u>, No. 07-1839, 2009 WL 1770146, at *1 (M.D. Pa. June 22, 2009).

In this case, Plaintiff has failed to file a certificate of merit. The usual consequence for failing to file a certificate of merit is dismissal of the claim without prejudice. <u>See</u> <u>Booker v. United States</u>, 366 F. App'x 425, 427 (3d Cir. 2010). However, dismissal with prejudice is proper when the statute of limitations has run on the claim. <u>See</u> <u>Smith v. Bolava</u>, No. 14-cv-5753, 2015 WL 2399134, at *3 (E.D. Pa. May 20, 2015) (quoting <u>Booker</u>, 366 F. App'x at 427). Pennsylvania's statute of limitations for medical malpractice claims is two years. <u>See</u> 42 Pa. Cons. Stat. § 5524(7). Usually, the statute of limitations for a claim arising under Pennsylvania law begins to run at "the occurrence of the final significant event necessary to make the claim suable." <u>See</u> <u>Barns v. Am. Tobacco Co.</u>, 161 F.3d 127, 152 (3d Cir. 1998). In some cases, however, the application of the discovery rule will toll the limitations period until "the plaintiff knows or reasonably should know (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." <u>See</u> <u>Romah v. Hygienic Sanitation Co.</u>, 705 A.2d 841, 858 (Pa. Super. 1997). The commencement of the limitations period may be determined as a matter of law only "where the facts are so clear that reasonable minds cannot differ." <u>See</u> <u>Crouse v. Cyclops Indus.</u>, 745 A. 2d 606, 611 (Pa. 2000).

Plaintiff alleges that Defendant Rajjoub cancelled his follow-up appointment on April 19, 2017, and that because the medical hold was lifted, he was transferred to another federal institution on April 24, 2017. (Doc. No. 70 ¶¶ 14-16.) Plaintiff's complaint, suggests, however, that he did not know that his medical condition worsened until July 17, 2017, when Mitchell Dyer, a physician's assistant at USP McCreary, examined him and determined that Plaintiff's neuropathy in his left foot had grown worse. (<u>Id.</u> ¶ 18.) Interpreting these allegations in the light

most favorable to Plaintiff, the Court cannot definitively conclude that the statute of limitation has run on Plaintiff's medical malpractice claims. Accordingly, the Court will dismiss Plaintiff's medical malpractice claims without prejudice.

### C. Leave to Amend

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court finds that affording Plaintiff an opportunity to file a third amended complaint would be futile. See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a complaint, as amended, would fail to state a claim upon which relief may be granted).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants Rajjoub and LNA's motion to dismiss. (Doc. No. 71.) Plaintiff's Bivens claims will be dismissed with prejudice, and his medical malpractice claims will be dismissed without prejudice. The Court will also grant

Plaintiff's motion to withdraw his motion to voluntarily dismiss (Doc. No. 76) and will deem the motion to voluntarily dismiss withdrawn (Doc. No. 78). Plaintiff will not be permitted to file a third amended complaint. An appropriate Order follows.